## GINSBERG v. RAILWAY EXPRESS AGENCY, Inc., et al.

District Court, S. D. New York.
March 29, 1947.

See also 6 F.R.D. 371.

Irving I. Erdheim, of New York City, for plaintiff.

Mock & Blum, of New York City, for defendant McKettrick Williams, Inc.

Charles C. Evans, of New York City, for defendant Railway Express Agency.

Willis B. Rice, of New York City, for defendants Ernest Fried, Fried Steel Specialty Co., and Arkay Steel Specialty Co.

Saypol & Kotler, of New York City, for defendant Rose Katzowitz.

JAMES ALGER FEE, District Judge.

This action was brought upon grant to plaintiff of letters patent for device for transporting garments by express. U. S. Patent No. 2,215,695 Sept. 24, 1940. The gist of the claim of plaintiff [1] seems to be that some time before patent issued he advised Railway Express Agency, Incorporated,[2] he had a device substantially in the form subsequently patented. Thereafter, Agency had published in "The Express Messenger" issued by it, a description and a photograph of the device manufactured by defendants Fried Steel Specialty Company and Arkay Steel Specialty Company. Thereafter, he claims Agency procured the aid of these latter defendants in manufacturing merchandise shipping containers, with full knowledge that shipping containers of the type previously disclosed by plaintiff were being manufactured by him. Likewise, it is claimed that the defendant Agency allowed another defendant, McKettrick-Williams, Inc., to ship the merchandise shipping containers made by Arkay and Fried over its lines. It is claimed that all these acts tended to encourage infringement of the patent of plaintiff, both before and after issue. This is the foundation for a contention that there was contributory infringement.

Inasmuch as the court in dealing with such pleadings must pick the point at issue, the court finds that the only salient matter in dispute between the parties is the question of whether or not the device manufactured by Fried and Arkay was an infringement upon the device exemplified in the patent granted plaintiff. The issue in this case on which everything else depends is the issue of infringement. If there is no infringement, the case fails.

There can, of course, be no infringement until the issuance of the patent. All the allegations as to use or activities prior to the issuance of the patent are therefore of no validity except as inducement. If there be no infringement then, of course, even after the patent issued, the acts of other parties who have had part in using the device manufactured by Arkay or Fried are innocent of offense to plaintiff.

The only claims of the patent which could be a foundation for action for infringement are:

(1) The device of plaintiff was made of fabric;

(2) The aperture described would expose all garments to view;

(3) This opening was closed by a flap which could be flung over the top;

(4) The flap was releasably secured along the sides and bottom; and

(5) The opening would provide for insertion and removal of garments.

---

[1] As in a great many actions on pleadings which are narrated in the story form of a layman's recital, it is extremely difficult to determine what it is that the plaintiff is suing for.

[2] Hereafter called "Agency."

In each of these essentials the other device is entirely different. The Fried device is not made of fabric but of metal; the opening is by the front door which will not necessarily expose all the garments to view; the opening is not caused by a flap which could be flung over the top but is closed by a metal door. This flap, which was releasably secured along the sides and bottom in the Ginsberg patent, is not present in the Fried device at all. In the Fried device there is no opening in the side which will expose all the garments at once. Furthermore, the Fried device does not contain any means whereby the insertion and removal of the garments can be had more easily than the usual way of taking them out of the front opening. Therefore, the Fried device does not perform the same function in substantially the same way in order to obtain the same result. There is not any infringement.

Although the court will not hold upon the point, it seems only fair to say here that the court does not see upon what basis the patent was issued to Ginsberg. On the whole, it seems there was an attempt to patent a function rather than a method or a device. Such an attempt has been denounced by the Supreme Court of the United States. It was a combination of several features long known in the art and used for many years in the public domain. There may have been some novelty in the features which Ginsberg introduced. Perhaps, also, there was some utility, but there was no invention.

The administrative process of the patent office has been discredited by grant of letters patent in the manner in which the file wrapper shows this patent issued. It may now well be said that no presumption whatever arises from the grant of patent. It is strange that this pioneer among administrative bodies has so used its authority that the presumption of validity of its acts is no longer entertained by courts. Perhaps this phenomenon may indicate that devotion to the administrative process is not the culmination of democratic government.

Findings may be prepared and judgment will enter for defendants.